Tony REIDELBERGER,
Employee/Respondent,

v.

HUSSMAN REFRIGERATOR
CO., Employer,

and

Missouri State Treasurer, Custodian of
the Second Injury Fund, Additional
Party/Appellant.

No. ED 83483.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 9, 2004.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 28, 2004.

Emily Rushing Kelly, Assistant Attorney General, St. Louis, MO, for appellant.

James Gregory Krispin, Clayton, MO, for respondent.

PATRICIA L. COHEN, Judge.

The Missouri State Treasurer as custodian of the Second Injury Fund ("SIF") appeals from the decision of the Labor and Industrial Relations Commission ("Commission") establishing the rate of permanent total disability benefits the SIF must

pay Tony Reidelberger ("Claimant") for the remainder of his life. We affirm.

### Statement of the Facts and Proceedings Below

Claimant filed a Claim for Compensation ("Claim") against his employer Hussman Corporation ("Hussman") and the Second Injury Fund ("SIF") based on a repetitive motion injury sustained while working on an assembly line. Claimant settled his claim against Hussman for temporary total and permanent partial benefits and entered into a Stipulation for Compromise Settlement ("Stipulation") using the Division of Workers' Compensation ("Division") standard pre-printed form. The SIF was not a party to the Stipulation. Indeed, the parties specifically lined-out the SIF in the portion of the pre-printed form devoted to release of claims. In addition, in paragraph 8, where the form referenced SIF payment, the parties noted in bold letters "OPEN" and again noted "OPEN" in the portion of the form reserved for the SIF's signature.

Following resolution of the temporary and permanent partial disability ("PPD") claims against Hussman, an Administrative Law Judge ("ALJ") held a hearing to resolve the Claim for permanent total disability ("PTD") benefits against the SIF. At the hearing, the ALJ admitted into evidence, over Claimant's objection, the Stipulation. The Stipulation provided that the disputes between Claimant and Hussman were: "medical causation; nature [and] extent of injury; TTD [and] PPD; liability for past [and] future medical care [and] bills; disfigurement; interest." With respect to the weekly compensation rate, the parties hand-wrote $389.86 for "temporary benefits" and $303.01 for "per-

manent partial disability." There is no indication on the Stipulation what hourly rate was used to calculate the weekly compensation rate. As noted on the Stipulation, in light of the disputed issues, Claimant and Hussman agreed to "a compromise lump sum settlement" of $24,240.80.

At the hearing, following admission of the Stipulation into evidence, the Claimant testified that he earned $16.32 per hour for his work at Hussman, and that he worked forty hours each week. The SIF proffered no evidence rebutting Claimant's wage testimony but relied entirely on the Stipulation. As the ALJ held, "[h]ad the defense intended to impeach the claimant's testimony, the employer could have been deposed or produced for testimony with process."

The ALJ declined to rely on the Stipulation noting that "the matter here relates to temporary benefits rather than permanent benefits" and determined "there is no reason to believe that claimant was agreeing to [$389.86] as a proper calculation of his permanent total disability benefits, particularly in light of the fact that there was no further indication of any 'total' benefits paid in that settlement." Ultimately, the ALJ concluded that Claimant was permanently and totally disabled and, based on the undisputed wage and hour testimony Claimant provided at the hearing, held the SIF liable for PTD at a rate of $435.20 per week for the remainder of Claimant's life.

The Commission affirmed the ALJ's decision and incorporated the ALJ's findings in its Final Award. The SIF appeals, disputing the Commission's adoption of the ALJ's calculation of the PTD benefit rate.[1]

---

1. In its brief, the SIF acknowledges that it does not dispute the finding of permanent total disability.

## Standard of Review

Our review of a workers' compensation award is limited to "a single determination whether, considering the whole record, there is sufficient competent and substantial evidence to support the award." *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 223 (Mo. banc 2003).[2] We will modify, reverse, remand or set aside the award only if the Commission acted in excess of its powers, the award was procured by fraud, the facts found by the Commission do not support the award, or there was not sufficient competent evidence in the record to warrant making the award. *Id.* at 222.

## Discussion

■ In its sole point, the SIF contends that the Commission erred in finding the SIF liable for PTD at a rate of $435.20 per week where Claimant previously entered into a Stipulation fixing the weekly compensation rate for temporary total disability benefits ("TTD") at $389.86 per week and PPD at $303.01. The SIF further contends that because PTD and TTD are both calculated at sixty-six and two-thirds percent of the injured employee's average weekly wage, application of *res judicata* precludes Claimant from asserting a greater PTD rate at the hearing than the TTD rate agreed to in Claimant's Stipulation.

■ Because the SIF does not contend that Claimant is barred from recovering PTD benefits against the SIF, the relevant principle to be applied here is collateral estoppel, or issue preclusion. The doctrine of collateral estoppel, or issue preclusion, bars the relitigation of the same issue in a

later case if each of the following elements are satisfied: (1) the issue decided in the earlier adjudication was identical to the issue presented in the present action; (2) the earlier adjudication resulted in judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and the party against whom collateral estoppel is asserted had an opportunity to litigate the issue in the prior adjudication. *Neurological Medicine, Inc. v. General American Life Ins. Co.*, 921 S.W.2d 64, 68 (Mo.App. E.D.1996). We need not discuss each of the factors if one factor is dispositive under the circumstances of this case. *See Id.*

We conclude that the record does not support the application of collateral estoppel because the issue decided in the earlier proceeding was not identical to the issue presented to the ALJ. The Stipulation, which resolved the amount awarded for TTD and PPD benefits, does not constitute an adjudication of the appropriate rate for PTD, the issue before the ALJ.

■ The SIF dismisses the fact that Claimant and Hussman clearly neither contemplated nor effected a determination of the rate appropriate for total disability benefits in the Stipulation and instead contends that we cannot distinguish between TTD and PTD because both are calculated as "an amount equal to sixty-six and two-thirds percent of the injured employee's average weekly earnings as of the date of injury...." Sections 287.170.4 and 287.200.4 RSMo (2000).[3] However, even if the ALJ relies on the same statutory formula to calculate PTD and TTD, that does

2. Where, as here, the Commission affirms and adopts the Administrative Law Judge's findings, the Court reviews the Administrative Law Judge's findings as adopted by the Commission. *Sutton v. Vee Jay Cement Contracting Co.*, 37 S.W.3d 803, 807 (Mo.App. E.D.

2000) (overruled on other grounds by *Hampton*, supra).

3. All statutory references are to RSMo 2000, unless otherwise noted.

not eliminate the differences between the two types of benefits. Accordingly, a determination, by virtue of settlement, that an employee is entitled to receive TTD benefits at a particular wage rate from his employer is not, for purposes of collateral estoppel, a determination of the amount of the PTD award against the SIF.

In support of its position, the SIF relies almost entirely on *Conley v. Treasurer of Missouri,* 999 S.W.2d 269 (Mo.App. E.D. 1999). *Conley,* however, is easily distinguishable and in fact underscores the impropriety of applying collateral estoppel here. As an initial matter, *Conley* merely holds that a prior settlement agreement may be admitted in a workers' compensation hearing if clear and cogent reasons exist to do so. *Id.* at 275. More significantly, however, it is clear from a close review of *Conley* that the issue resolved in the earlier settlement in *Conley,* the percentage of PPD, was the identical issue considered in the later proceeding against the SIF. Here, by contrast, the Claimant and employer specifically excluded resolution of the amount of permanent total benefits and agreed only on the amount of temporary benefits. To suggest that *Conley* stands for the proposition that a settlement of temporary benefits precludes litigation of the proper amount of the permanent total benefits is unwarranted.

The ALJ properly considered the settlement agreement and the Claimant's testimony on the weekly wage rate in arriving at his determination. The record supports the Commission's award and we affirm.

BOOKER T. SHAW, P.J., Concurs.

LAWRENCE G. CRAHAN, J., Concurs.